UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ERIN WEBSTER-FLYNN,

    Plaintiff,

v.                                           Case No.: _____

SACRED HEART HEALTH
SYSTEM, INC.,

    Defendant.
_____/

## INITIAL COMPLAINT

COMES NOW the plaintiff, Erin Webster-Flynn, by and through her undersigned counsel, and hereby files this Initial Complaint against defendant, Sacred Heart Health System, Inc., and alleges:

### I. Jurisdiction and Venue

1.     This Court has jurisdiction of this cause pursuant to 28 U.S.C. § 1331 insofar as claims arise under the Fair Labor Standards Act (FLSA), codified at 29 U.S.C. § 201, *et seq*. This Court also has supplemental/pendent jurisdiction over plaintiff's state law claims.

2.     Venue is appropriate in this Court pursuant to 28 U.S.C. §1391(b) and (c) because the claims arose in this district, defendant has an office and operates in this district, plaintiff was employed, paid, and worked in this district,

all causes of action accrued in this district, and defendant is subject to personal jurisdiction in this district.

## II.  Parties

3. At all times relevant hereto, plaintiff, Erin Webster-Flynn, was an employee of defendant.

4. At all times relevant hereto, defendant, Sacred Heart Health System, Inc. (hereinafter "Sacred Heart"), employed two or more persons engaged in interstate or foreign commerce and/or engaged in handling and working on goods and materials that have moved in interstate or foreign commerce, and upon information and belief has had gross sales made or business done of not less than $500,000 per year.

5. Defendant Sacred Heart is subject to, and not exempt from, the provisions of the FLSA.

## III.  Factual Allegations

6. Plaintiff began working for defendant in Pensacola, Florida on or about February 22, 2021, having previously worked for an affiliate of defendant in Michigan since 2017.  At all times material hereto she was an "employee" of Sacred Heart within the meaning of the FLSA.

7. At all times material hereto Sacred Heart was an "employer" of

plaintiff within the meaning of the FLSA.

8. At all times material hereto, plaintiff was compensated on an hourly basis.

9. Initially, Sacred Heart was to compensate plaintiff at the base rate of $38.772 per hour.

10. During the course of plaintiff's employment, Sacred Heart advised plaintiff that she had earned a raise to the base rate of $39.552 per hour effective on or about October 17, 2021.

11. Sacred Heart paid plaintiff at the base rate of $39.552 per hour through on or about August 20, 2022.

12. In or around September 2022, however, defendant advised plaintiff (1) it had been paying her a higher hourly rate than it thought it should have been paying her for approximately one year and therefore sought her permission to make deductions from her pay, and (2) it had retroactively reduced plaintiff's pay for hours she had previously worked.

13. When plaintiff disputed that she had been overpaid and refused to consent to defendant's making deductions from her paychecks, Sacred Heart elected to unilaterally make deductions from plaintiff's pay for what it claimed (but had not proven) it was owed.

14. In making unilateral deductions from plaintiff's paychecks, Sacred Heart reduced the pay delivered to plaintiff to less than the federally required minimum wage.

### IV.  Count I  --  Violation of Fair Labor Standards Act
### (Minimum Wage)

15. Plaintiff realleges and incorporates herein paragraphs 1 through 14, above.

16. Defendant is subject to, and not exempt from, the provisions of the FLSA.

17. Plaintiff was entitled to, and not exempt from, the protections and provisions of the FLSA.  Additionally, there were no exemptions under the FLSA which would be applicable to plaintiff.

18. Throughout plaintiff's employment with defendant, defendant was fully aware of the FLSA and the obligations imposed by it to pay federally required minimum wages.

19. Nevertheless, defendant willfully and intentionally failed and refused to properly pay plaintiff the required minimum wage.  Such conduct of defendant constituted a violation of the FLSA, as well as a willful and intentional violation thereof.

20. As a result of defendant's violation of the FLSA, plaintiff has been denied compensation for her labor at the legally required rate.

21. Moreover, plaintiff has had to retain an attorney in order to collect the overtime wages owed to her by defendant.

WHEREFORE, plaintiff demands judgment against defendant for all unpaid minimum wage compensation; an additional equal amount as liquidated damages; interest, including pre-judgment interest; costs; attorneys' fees; and any other relief to which she may be entitled.

### V.  Count II  –  Unpaid Wages

22. Plaintiff realleges and incorporates herein paragraphs 1 through 14, above.

23. By retroactively reducing plaintiff's pay, Sacred Heart failed to pay plaintiff the wages she was owed at the rate the parties had agreed at the time the work was performed.

24. By unilaterally taking plaintiff's pay, Sacred Heart failed to pay plaintiff the wages she was owed at the rate the parties had agreed.

25. Sacred Heart thus breached its duty to pay plaintiff for the hours she worked at the agreed upon rate.

26. Plaintiff requested that Sacred Heart pay her the proper compensation

which she was owed, but it has refused to tender such payment.

27. Plaintiff performed all conditions precedent to be performed by plaintiff or the conditions have occurred or have been waived.

28. Plaintiff has been required to hire an attorney to assist her with obtaining the wages which are owed to her.

WHEREFORE, plaintiff demands judgment against defendant for unpaid wages, interest (including pre-judgment interest), costs, attorneys' fees and any other relief to which she may be entitled.

### *VI. Count III – Conversion*

29. Plaintiff realleges and incorporates herein paragraphs 1 through 14, above.

30. Although defendant was obligated to deliver to plaintiff all of the wages she earned, it instead intentionally misappropriated some or all of her wages (depending on the pay period in question) and converted those funds to its own use.

31. Moreover, defendant's misappropriating and converting plaintiff's wages was without any legal authority or basis.

WHEREFORE, plaintiff demands judgment against defendant for compensatory damages, interest (including pre-judgment interest), costs, and any

other relief to which she may be entitled.

***Plaintiff demands jury trial on all issues contained in this Initial Complaint which are so triable.***

                                            Respectfully submitted,

                                            s/Bradley S. Odom
                                            Bradley S. Odom, Esq.
                                            Florida Bar Number:   932868
                                            ODOM LAW GROUP, P.A.
                                            1800 North "E" Street
                                            Pensacola, Florida  32501
                                            (850) 434-3527
                                            Attorney for Plaintiff
                                            email@odomlawgroup.net